UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 31, 2018

MEMORANDUM TO PARTIES RE:   Stephen D. Chamberlain v. Samuel J. Brown, et al.
Civil Action No. GLR-17-2880

Dear Parties:

Pending before the Court are Defendant Judith C. Chamberlain's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 10) and Defendants Samuel J. Brown and Marietta B. Warren's Motion to Dismiss Amended Complaint or, in the Alternative, Motion for Summary Judgment (ECF No. 15).[1] The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motions.

On May 22, 2009, Plaintiff Stephen D. Chamberlain and Ms. Chamberlain (collectively, "the Chamberlains") divorced. (Am. Compl. ¶ 5, ECF No. 9).[2] As part of the divorce, the Chamberlains entered into a Marital Settlement Agreement ("MSA"). (Id. ¶ 6). The MSA contained a provision that dictated how the Chamberlains' three children would apply to and select a college to (the "College Education Provision"). (Id. ¶ 7).

On September 19, 2013, Ms. Chamberlain filed a Petition for Contempt and Declaratory Judgment Complaint to Enforce the MSA in the Circuit Court for Anne Arundel County (the "Declaratory Judgment Action"). (Am. Compl. ¶ 13; Def.'s Mot. Dismiss ["Def.'s Mot."] Ex. A at 14, ECF No. 4-2).[3] Ms. Chamberlain sought a declaration that the MSA's College Education Provision permitted the Chamberlains' youngest son to apply to "the schools of his choice." (Am. Compl. ¶ 13). Brown and Warren represented Ms. Chamberlain in the Declaratory Judgment Action. (See id. ¶¶ 13,

---

[1] Also pending before the Court are Ms. Chamberlain's Motion to Dismiss Plaintiff's Complaint (ECF No. 4) and Brown and Warren's Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment (ECF No. 11) as to Mr. Chamberlain's original Complaint. An amended complaint typically moots any pending motions to dismiss because it supersedes the original complaint. Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014) aff'd, 610 F.App'x 341 (4th Cir. 2015). Accordingly, the Court will deny these Motions as moot.

[2] Unless otherwise noted, the Court describes facts taken from the Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[3] The Court may take judicial notice of "'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" Goldfarb v. Mayor of Balt., 791 F.3d 500, 508 (4th Cir. 2015); see Fed.R.Evid. 201(b)(2). In particular, Rule 201 permits a court to take judicial notice of an adjudicative fact if it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the Court takes judicial notice of the state court divorce case, Chamberlain v. Chamberlain, Case No. 02-C-09-139690 (Anne Arundel Ct.Cir.Ct. 2008) (the "Divorce Action"). (Def.'s Mot. Ex. A).

17). The parties entered into a consent order that resolved the Declaratory Judgment Action on June 5, 2014. (Def.'s Mot. Ex. B, ECF No. 4-3).

On September 28, 2017, Mr. Chamberlain, pro se, sued Ms. Chamberlain, Brown, and Warren. (ECF No. 1). On November 27, 2017, Mr. Chamberlain filed an Amended Complaint, (ECF No. 9), which brings seven counts: (1) abuse of process for wrongful use of discovery against Ms. Chamberlain, Brown, and Warren (Count I);[4] (2) abuse of process for filing known meritless litigation against Ms. Chamberlain, Brown, and Warren (Count II); (3) abuse of process for concealing known information from the court against Ms. Chamberlain and Warren (Count III); (4) abuse of process for sustaining known moot litigation against Ms. Chamberlain, Brown, and Warren (Count IV); (5) abuse of process for tampering with a sealed court record against Brown and Warren (Count V); (6) tortious interference with contract against Brown and Warren (Count VI); and (7) intentional infliction of emotional distress ("IIED") against Ms. Chamberlain, Brown, and Warren. (Id. ¶¶ 41–79). Mr. Chamberlain seeks compensatory and punitive damages. (See, e.g., id. ¶ 45).

On November 28, 2017, Ms. Chamberlain filed a Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted. (ECF No. 10). On December 11, 2017, Mr. Chamberlain filed an Opposition. (ECF No. 18). To date, the Court has no record that Ms. Chamberlain filed a Reply.

On November 30, 2017, Brown and Warren filed a Motion to Dismiss Amended Complaint or, in the Alternative, Motion for Summary Judgment. (ECF No. 15). Mr. Chamberlain filed an Opposition on December 16, 2017. (ECF No. 21). To date, the Court has no record that Brown and Warren filed a Reply.

Brown and Warren style their Motions as motions to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

In this case, because Brown and Warren did not attach any exhibits to their Motion, the Court will not convert it into a motion for summary judgment.

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff

---

[4] Mr. Chamberlain titles each Count a "Cause of Action." (See, e.g., Am. Compl. at 13).

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Defendants advance five arguments for dismissing the Amended Complaint:[5] (1) the domestic relations exception to diversity jurisdiction; (2) the Rooker-Feldman doctrine;[6] (3) res judicata; (4) statute of limitations; and (5) failure to state a claim under Rule 12(b)(6). The Court agrees with Defendants' fifth argument and addresses Mr. Chamberlain's claims in turn.

**<u>Abuse of Process</u>**

To state an abuse of process claim under Maryland law,[7] a plaintiff must allege that: (1) the defendants "willfully used process after it has issued in a manner not contemplated by law"; (2) the defendants acted with an "ulterior motive"; and (3) damages as a result of the defendants' improper use of process. Clark v. Choudry, No. DKC 16-0261, 2016 WL 3541248, at *4 (D.Md. June 29, 2016) (quoting One Thousand Fleet Ltd. P'ship v. Guerriero, 694 A.2d 952, 956 (Md. 1997)). As to the damages element, "an arrest of the person or a seizure of property" must result from the defendants' abuse of process. Clark, 2016 WL 3541248, at *4 (One Thousand Fleet, 694 A.2d at 960).

Defendants assert that Mr. Chamberlain fails to plead legally cognizable damages, specifically because he does not allege a seizure of real property.[8] Although the Court is not persuaded that an abuse of process claim requires the seizure of real property,[9] the Court nevertheless agrees that Mr. Chamberlain fails to plausibly allege damages.

---

[5] Warren and Brown incorporate by reference Ms. Chamberlain's Motion and accompanying memorandum. (Defs.' Mot. Dismiss Am. Compl. ¶ 4, ECF No. 15).

[6] Under the Rooker-Feldman doctrine, federal district courts generally do not have jurisdiction to review state-court decisions. Allstate Ins. Co. v. W. Va. State Bar, 233 F.3d 813, 816 (4th Cir. 2000) (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)).

[7] The parties agree that Maryland law applies.

[8] Brown and Warren also argue that Mr. Chamberlain fails to sufficiently allege the first and second elements of abuse of process. Because the Court concludes that Mr. Chamberlain does not adequately plead the third element, the Court does not address the first and second elements.

[9] Mr. Chamberlain requests that the Court impose sanctions under Rules 11 and 56(h) on Brown and Warren for misrepresenting that the seizure of property in an abuse of process claim must be real

Here, in each of Mr. Chamberlain's five abuse of process Counts, he pleads that "[a]s a direct and proximate result" of Defendants' actions, he sustained "economic losses" and "emotional distress." (Am. Compl. ¶¶ 45, 51, 56, 60, 65). These threadbare allegations fail to even parrot the damages element for abuse of process, and, therefore, fail to sufficiently state a claim. To be sure, Mr. Chamberlain also alleges, apropos of nothing, that Defendants "successfully seized property in the amount of $2,357.43" from him. (Am. Compl. ¶ 37). He does not, however, provide any factual allegations that would permit the Court to infer a causal connection between this seizure of property and Defendants' purported abuses of process. See Clark, 2016 WL 3541248, at *4 (One Thousand Fleet, 694 A.2d at 960). Thus, the Court concludes that Mr. Chamberlain fails to state claims for abuse of process.

**Tortious Interference with a Contract**

Under Maryland law, to establish tortious interference with a contract, the plaintiff must allege: (1) the "existence of a contract between plaintiff and a third party"; (2) defendants' "knowledge of that contract"; (3) defendants' "intentional interference with that contract"; (4) "breach of that contract by the third party"; and (5) "resulting damages to the plaintiff." Sprint Nextel Corp. v. Simple Cell Inc., 248 F.Supp.3d 663, 682 (D.Md. 2017) (quoting Fraidin v. Weitzman, 611 A.2d 1046, 1057 (Md.Ct.App.Spec. 1993)). "As a matter of law, a party to a contract cannot tortiously 'interfere' with his or her own contract." Goode v. Am. Veterans, Inc., 874 F.Supp.2d 430, 447 n.12 (D.Md. 2012) (quoting Bagwell v. Peninsula Reg'l Med. Ctr., 665 A.2d 297, 313 (Md.Ct.Spec.App. 1995)). Similarly, an agent of a party to a contract, acting within the scope of the agency relationship, cannot interfere with the contract. Id. (quoting Bagwell, 665 A.2d at 313). Attorneys are agents whose principals are their clients. Martin v. Wells Fargo Bank, N.A., No. MJG-12-2566, 2012 WL 13008385, at *7 (D.Md. Nov. 30, 2012) (citing Seaboard Sur. Co. v. Boney, 761 A.2d 985, 992 (Md.Ct.Spec.App. 2000)).

Brown and Warren assert that, as Ms. Chamberlain's attorneys, they were acting within the scope of their agency when they litigated the Declaratory Judgment Action. As a result, Brown and Warren contend, Mr. Chamberlain fails to state a tortious interference with a contract claim. The Court agrees.

Here, the Amended Complaint lacks any allegations that Brown and Warren were acting outside the scope of their agency. Mr. Chamberlain argues in his Opposition that Brown's and Warren's actions were outside of the scope of their agency, but this allegation does not appear in the Amended Complaint. Even if it did, Mr. Chamberlain does not provide any factual basis to support this naked assertion. Indeed, Mr. Chamberlain states that "defendants" "interfered" with the MSA and "conspired to resist performance of the [MSA]." (Am. Compl. ¶¶ 69–71, 73). These statements contemplate that Defendants, including Ms. Chamberlain, worked together to interfere with the MSA. This directly contradicts any assertion that Brown and Warren were acting outside the scope of Ms. Chamberlain's authority. Thus, the Court concludes that Mr. Chamberlain fails to state a tortious interference with a contract claim.

---

property. Rule 11 requires a party seeking sanctions file a motion "separately from any other motion." Rule 56(h) authorizes reasonable expenses and attorney's fees incurred in responding to affidavits on summary judgment that are submitted in bad faith. Here, Mr. Chamberlain submits his request in his Opposition, not in a separate motion. In addition, no party submitted an affidavit in this case. Accordingly, the Court denies Mr. Chamberlain's request.

**Intentional Infliction of Emotional Distress**

In Maryland, to sufficiently state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege: (1) conduct that is "intentional or reckless"; (2) conduct that is "extreme and outrageous"; (3) "a causal connection between the wrongful conduct and the emotional distress"; and (4) emotional distress that is "severe." Takacs v. Fiore, 473 F.Supp.2d 647, 651–52 (D.Md. 2007) (quoting Harris v. Jones, 380 A.2d 611, 614 (Md.Ct.Spec.App. 1977)). As to the second element, the standard for "extreme and outrageous" conduct is "quite high." Tyndall v. Berlin Fire Co., No. ELH-13-02496, 2015 WL 4396529, at *34 (D.Md. July 16, 2015). The conduct must be "so outrageous in character, and so extreme in degree," that it goes "beyond all possible bounds of decency." Arsham v. Mayor of Balt., 85 F.Supp.3d 841, 850 (D.Md. 2015) (quoting Harris, 380 A.2d at 614). Put differently, the conduct must "completely violate human dignity" and "strike to the very core of one's being, threatening to shatter the frame upon which one's emotional fabric is hung." Interphase Garment Sols., LLC v. Fox Television Stations, Inc., 566 F.Supp.2d 460, 466 (D.Md. 2008) (quoting Hamilton v. Ford Motor Credit Co., 502 A.2d 1057, 1064 (Md.Ct.Spec.App. 1986)).

Defendants contend that Mr. Chamberlain fails to allege the second element—extreme and outrageous conduct. Mr. Chamberlain counters that even though Defendants' individual acts may not be extreme and outrageous, their cumulative acts constitute an IIED claim. The Court agrees with Defendants.

Here, Mr. Chamberlain alleges that Defendants forced him to "defend against frivolous legal actions" that created "financial and emotional duress." (Am. Compl. ¶ 77). He states that Defendants "intentionally and systematically abused the legal process" and "willfully and deliberately interfered" with the MSA to "extort money" from him under the guise of a settlement. (Id. ¶ 76). Taking these allegations as true, they do not clear the high bar of extreme and outrageous conduct. See Tyndall, 2015 WL 4396529, at *34. Litigating frivolous legal actions—even bitter and protracted ones—does not constitute conduct that "completely violate[s] human dignity." Interphase Garment Sols., 566 F.Supp.2d at 466 (quoting Hamilton, 502 A.2d at 1064). Thus, the Court concludes that Mr. Chamberlain fails to state an IIED claim.

In sum, Mr. Chamberlain fails to adequately allege abuse of process, tortious interference with a contract, and IIED claims. Accordingly, the Court will grant the Motions.

For the foregoing reasons, Ms. Chamberlain's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 10) and Brown and Warren's Motion to Dismiss Amended Complaint or, in the Alternative, Motion for Summary Judgment (ECF No. 15) are GRANTED. Ms. Chamberlain's Motion to Dismiss Plaintiff's Complaint (ECF No. 4) and Brown and Warren's Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for Summary Judgment (ECF No. 11) are DENIED AS MOOT. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and mail a copy to Mr. Chamberlain at his address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge